# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSHUA NEIL HALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00326 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BOBBY RUSSELL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Joshua Neil Hall, Pro Se Plaintiff.*

Joshua Neil Hall, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Hall alleges that the defendant state officials wrongfully deprived him of the benefits of a rehabilitation program. I conclude that the action must be summarily dismissed.

I.

Hall states that on February 21, 2018, after a hearing in Roanoke County Circuit Court, he was sentenced to a total of seven and a half years in prison. Two and a half years of that joint sentence was for a conviction in the Circuit Court for the City of Salem for embezzlement. At the hearing, the prosecutor allegedly stated that during Hall's pretrial detention, he had refused to participate in a court-

ordered rehabilitation opportunity — the Alpha Program. Hall denies that he refused participation in this program.

According to Hall, after he was incarcerated on May 3, 2017, he voluntarily applied to participate in the Alpha Program, administered by "Blue Ridge Behavioral" ("BRB"). Compl. 3, ECF No. 1. He later learned that in June of 2017, his attorney, with the consent of the prosecution, asked the court to order Hall to complete the Alpha Program, in order to move Hall up on the program's waiting list. The court issued such an order on July 21, 2017, but Hall did not receive notice of it.

After the sentencing hearing, Hall was returned to the Western Virginia Regional Jail ("Jail"), where he filed request forms asking who had reported to the court that Hall had refused participation in the Alpha Program. Jail officials denied that Jail staff members are involved in any way in the Alpha Program. Hall claims, however, that the Alpha Program is conducted at the Jail, and that when an inmate can enter the program, the Jail must notify the inmate of that fact. Hall also contends that once Jail officials reported to BRB that Hall had refused Alpha Program participation, BRB policy required its staff to investigate and document for the court the reason for his refusal. Hall asserts that no one from BRB ever discussed this matter with him, in violation of BRB policy.

Hall's § 1983 Complaint sues two Jail officials and a BRB official for allegedly depriving him of his right to participate in the Alpha Program as a means of possibly reducing his term of confinement. As relief, Hall seeks monetary compensation for each of the two and a half years of that sentence.

II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To survive the court's screening under § 19979e(c)(1), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Hall's Complaint, as a whole, fails to state factual matters sufficient to support any plausible claim against the defendants he has named. For a viable § 1983 claim, "a plaintiff must plead that each Government-official defendant,

through the official's own individual actions" has caused a violation of the plaintiff's constitutional rights. *Id.* at 676. Hall does not describe any action or inaction by the defendants he has named. His allegations do not indicate how any of these individuals was personally involved in the events that led to Hall's inability to participate in the Alpha Program. Accordingly, his Complaint fails to state any actionable § 1983 claim against them.

Moreover, Hall's allegations do not present an actionable claim that he had a constitutionally protected right to participate in the Alpha Program.

> [T]he law is well settled that a prisoner has no constitutional right to participate in an educational or rehabilitative program. *See Moody v. Daggett*, 429 U.S. 78, 88 at n. 9 (1976) (due process clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where prisoner suffers "grievous loss"); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("Prisoner classification and eligibility for rehabilitation programs. . . are not directly subject to 'due process' protections") (citing *Moody*, *supra*).

*Barksdale v. Green*, Civil Action No. DKC-15-1109, 2016 WL 4077713, at *11 (D. Md. Aug. 1, 2016). Because Hall had no constitutional right to a rehabilitative program like Alpha, he cannot hold anyone liable under § 1983 for interfering in any way with his ability to participate in that program.

At the most, Hall has alleged that individuals at the Jail or associated with BRB violated their own organization's policies by misrepresenting, or failing to investigate, Hall's reaction regarding participation in the Alpha Program. State

officials' violations of state organizational policies simply do not give rise to any federal due process issue. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Moreover, Hall does not demonstrate any right under state law to a reduction in the length of his term of confinement, even if he had been allowed to participate in the Alpha Program. *See also Burnette v. Fahey*, 687 F.3d 171, 180-81 (4th Cir. 2012) (stating that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," such that any protectable interest in early release must be rooted in Virginia law) (citation omitted).

For the stated reasons, I conclude that Hall's Complaint fails to allege facts stating any claim upon which relief could be granted under § 1983. Accordingly, I will summarily dismiss this action without prejudice under § 1997e(c)(1). This dismissal leaves Hall free to refile his claims in a new and separate civil action, should he so desire.

A separate Final Order will be entered herewith.

    DATED: November 28, 2018

    /s/ James P. Jones
    United States District Judge